# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CASE NO. 5:21-CV-025-KDB-DCK

| | | |
|---|---|---|
| **JERRY WAYNE BAXTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CONSENT PROTECTIVE** |
| | ) | **ORDER** |
| | ) | |
| **RANDALL LEE NEAL, SR., BRIAN** | ) | |
| **MATTHEW BLACK, JOSHUA LEE CRAIG,** | ) | |
| **and CHUCK LEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Protective Order" (Document No. 11) filed August 9, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

Plaintiff Jerry Wayne Baxter and Defendants Brian Matthew Black, Joshua Lee Craig, Chuck Lee and Randall Lee Neal, Sr., (collectively referred to as the "Parties") have jointly moved the Court pursuant to Local Rule Governing Civil Cases 7.1, Rule 26(c)(1) of the Federal Rules of Civil Procedure, and N.C. Gen. Stat. §§ 160A-168 and 126-24, for entry of a Consent Protective Order to expedite the flow of discovery materials; facilitate the prompt resolution of discovery disputes, as well as disputes concerning confidentiality; facilitate the production of privileged materials requested via subpoenas *duces tecum*; protect certain materials designated as confidential ("Confidential Materials"); and ensure that protection is afforded only to material so designated.

Plaintiff intends to seek in discovery records of law enforcement agencies and other entities who are part of the criminal justice system, and anticipates that documents relevant to the arrest of

Jerry Wayne Baxter may be relied upon by the parties. Plaintiff's discovery may include

subpoenas *duces tecum* served on entities including the North Carolina State Bureau of

Investigation and the North Carolina State Highway Patrol. These entities may have documents

that are relevant or potentially relevant to this case. Some of the requested documents may be

protected by the privilege afforded police investigative techniques and investigative information,

may implicate the privacy rights of persons who are not parties to this action, or may otherwise be

confidential or privileged. Plaintiff also intends to seek personnel information that may be

protected by N.C. Gen. Stat. §§ 160A-168 and 126-22 *et seq*. Section 160A-168 defines the

records protected by the statute and requires a Court order before such records may be released.

Section 126-24 establishes the extent to which state employee personnel records are confidential

and also provides that they may be released by court order.

**IT IS HEREBY ORDERED THAT:**

1.    **General Scope of the Agreement.** This Consent Protective Order shall govern

certain documents and other materials produced in response to any discovery request, materials

produced pursuant to a subpoena *duces tecum* or other request for information by the Parties in

this action, all information contained therein, and all copies, excerpts or summaries thereof,

specifically including, but not limited to, answers to requests for admissions, answers to

interrogatories, responses to requests for production of documents and documents produced in

accordance therewith, documents subpoenaed in connection with depositions, deposition

testimony, and any deposition transcript or portion thereof as to which protection is sought in

accordance with this Agreement. Documents and/or information may be produced and designated

as "Confidential" pursuant to this Order if a party (including a third party producing documents

pursuant to subpoena) has a legitimate reason to maintain that document or information as

confidential and qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure. Without limiting the generality of the foregoing, confidential information includes, but is not limited to:

a)  personal information of the Plaintiff including, but not limited to, his Social Security number, financial information, medical information, physiological or psychiatric records;

b)  personal information of the Defendants including, but not limited to, Social Security numbers, financial information, medical information, physiological or psychiatric records, and prison or inmate records;

c)  personnel file information encompassed by N.C. Gen. Stat. §§ 158A-98, 160A-168 and 126-24;

d)  law enforcement records, including prosecutorial records, SBI reports, investigative files, and other law enforcement investigative materials, including records protected from public disclosure under N.C. Gen. Stat §§ 132-1.4 and 132-1.4A;

e)  Documents, materials, or information designated as Confidential Information in this Order or in any Order subsequently entered in this action; and

f)  Other documents, materials, or information which are potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Consent Order.

2.  **Redaction of Certain Information.**  The Parties and any recipient of a subpoena *duces tecum* shall be allowed to redact the following information from any documents provided pursuant to this Order: (a) Social Security numbers; (b) dates of birth, (c) financial account

numbers, and (d) driver's license numbers.  In all cases in which a redacted record is provided in this action, the redaction shall be clearly noted on the document provided.

3. **Designation as Confidential: Good Faith Requirement.**  Any party or respondent to a subpoena *duces tecum*, producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate documents or information as "Confidential," in accordance with the procedures set forth herein.  Such information could include a document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, documents produced in response to a subpoena *duces tecum*, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Protective Order.  Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.  Such designation shall only be made after a good faith determination that the information may be so designated as provided in this Order and as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

4. **Procedure for Designating Information as Confidential.**  The Parties and any respondent to a subpoena *duces tecum* may designate "Confidential Materials" in the following manner:

a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information.  Alternatively, answers deemed to contain confidential

information may be bound separately and marked with the word "Confidential"; and

c)  In the case of depositions or other pretrial testimony in this action by the Parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Materials are about to be or have been disclosed.  Alternatively, a party may designate information disclosed at such deposition as Confidential Materials by informing all Parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the Parties, of the specific pages and lines of the deposition transcript which are deemed Confidential.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control.  All depositions shall be treated as Confidential for a period of thirty (30) days after a full and complete transcript of the deposition is available or other date as agreed upon by the Parties.  Unless the Parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as Confidential.

d)  Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as Confidential (1) by informing counsel for the receiving party in writing that the computer disk, data tape, or other medium contains such Confidential or (2) by such other means as agreed to by the parties to this Consent Order. To the extent practicable, such physical medium shall be

5

labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

e) Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential by serving a written notification of such designation on Counsel for the Requesting Party

5. **Restricted Use of Confidential Information.** Documents and information designated as "Confidential" pursuant to Paragraphs 1 through 4 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

a) The Court (including the Clerk's office, court reporters and videographers, and any special master or mediator appointed by the Court, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

b) The Parties, counsel for the Parties, their staff members, their professional and para-professional employees, or other agents or other representatives of either party, as necessary to prepare this case for litigation;

c) Court reporters employed for the purpose of taking depositions;

d) Any person or entity who is not presently a Party to this litigation, but who is added as a Party through amendment of the pleadings;

e) Any potential or actual deposition or trial witness as necessary to prepare this case for litigation;

f)      Deponents, during a deposition or in preparation therefore, when the confidential materials are materially related to the questions asked to or testimony of such deponent; or

g)      Consultants and experts retained or who may be retained for litigation purposes.

6.      **Confidentiality Agreements.** Before Confidential Information is disclosed to any vendor as well as any person described in Paragraphs 5(d), 5(e), 5(f) and 5(g) of this Order, Counsel or the party making the disclosure, shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement. Counsel or the party making the disclosure, shall maintain the original Confidentiality Agreement and need not produce it except by request of the custodial law enforcement agency or upon order of the Court.

7.      **Acknowledgment of Agreement.**  All persons to whom Confidential Materials are disclosed pursuant to Paragraph 5 of this Order shall be bound by this Order.  It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Materials pursuant to Paragraph 5 of this Order have knowledge of the terms of this Order and agree to be bound by them.  Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

8.      **Inadvertent Disclosure.**  In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, within twenty (20) days of discovery of the inadvertent production.  The Parties will then treat these documents as if they had been marked "Confidential"

when they were first produced, destroy any documents and copies not so marked, and certify as to such destruction.

9.  **Use of Confidential Materials in this Case.**  Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in Paragraphs 1 through 4 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or other proceeding prior to trial so long as confidentiality of such information is protected as provided herein.  Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in Paragraphs 1 through 4 of this Agreement at trial in accordance with any rules established by the Court.

10.  **Restricted Access Documents.**  Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption of access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion.  Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

11.  **Challenging Confidentiality.**  Acceptance by a party of any information, document, or thing identified as "Confidential" by another party to this action pursuant to this

8

Order shall not constitute a concession that the information, documents, or things are Confidential Materials. Counsel for the Parties shall serve written notice of any objections to specific designations upon the other party within thirty (30) days of receipt of such information, documents, or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph except as permitted under Paragraph 5 of this order.

12. **Right to Object.** Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All Parties retain the right to apply to the Court for an order affording additional protection to Confidential Materials as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

13. **Disclosure.** Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, materials or other information which is already lawfully in the possession of that party.

14. **Return of Confidential Information.** Confidential materials and copies shall be returned to the producing party within ninety (90) days of the conclusion of this litigation (and any appeals). At the option of the producing party, destruction of such confidential materials and copies may be authorized instead. The party returning or destroying such document shall provide attestation as to such return or destruction. Provided, however, that counsel for either party may

9

retain one copy of all documents marked Confidential for retention in their files pursuant to applicable Bar rules and regulations.

15. **Modification of the Agreement.** In the event of further proceedings in this action, if any of the Parties hereto believe that this Protective Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, or that amendments are required to facilitate a third party's response to a subpoena *duces tecum*, such party may serve notice upon the Parties and request the that Court modify this Order.

16. **Protection of Copies.** All copies, extracts or summaries prepared from Confidential Materials produced hereunder, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be subject to the same terms of this Agreement as the Confidential Materials from which such copies, extracts, or summaries were prepared, if properly designated.

17. **Notices.** Notice required under this Protective Order shall be in writing and provided to the attorneys for the Parties listed below. Notice to the Parties shall be adequate if given solely to the Parties' counsel of record.

18. **Effective Date.** This Agreement shall be effectively immediately and shall survive the conclusion of this lawsuit.

**SO ORDERED**.

Signed: August 10, 2021

_____
David C. Keesler
United States Magistrate Judge

10

AGREED to this 5th day of August, 2021.


/s/ Stephen P. Agan
Stephen P. Agan
N. C. State Bar No. 35763
steve@hylerandagan.com

/s/ George B. Hyler, Jr.
N. C. State Bar No. 5682
george@hylerandagan.com
HYLER & AGAN, PLLC
38 Orange Street
Asheville, NC  28801
Telephone: (828) 254-1070
*Counsel for Plaintiffs*

/s/Bettina J. Roberts
Bettina J. Roberts
N. C. State Bar No. 43356
bjroberts@ncdoj.gov
N.C. Department of Justice
Public Safety Section
Post Office Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6940
Facsimile:  (919) 716-6761
*Counsel for Defendants*